**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1765**

———————

MARIA TJATUR TJAHJANINGTYAS; NOVIAN SETIA WAN
KWESTANTO,

                                      Petitioners,

      versus

JOHN ASHCROFT, Attorney General,

                                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-223-722; A95-223-723)

———————

Submitted: December 8, 2004      Decided: January 3, 2005

———————

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Joseph S. Porta, LAW OFFICES OF COHEN & KIM, Los Angeles,
California, for Petitioners. Peter D. Keisler, Assistant Attorney
General, Michael P. Lindemann, Assistant Director, Ethan B. Kanter,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Maria Tjatur Tjahjaningtyas and her husband, Novian Setia Wan Kwestanto, natives and citizens of Indonesia of Chinese ethnicity and Christian faith, petition for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of Tjahjaningtyas's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Because the Board affirmed under its streamlined process, the immigration judge's decision is the final agency determination. Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004). We will reverse this decision only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). We have reviewed the administrative record and the immigration judge's decision and find substantial evidence supports the conclusion that the petitioners failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

Next, we uphold the immigration judge's denial of Tjahjaningtyas's application for withholding of removal. The

standard for withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As the petitioners failed to establish refugee status, they cannot satisfy the higher standard necessary for withholding.

Furthermore, we conclude substantial evidence supports the determination that the petitioners did not establish it was more likely than not that they would be tortured if removed to Indonesia, see 8 C.F.R. § 1208.16(c)(2) (2004), and thus, that their petition for protection under the CAT was properly denied.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED